## UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE

ALEJANDRO ORTIZ,                                          CASE NO.

                 Plaintiff,

vs.

CAVIAR AND CAVIAR, LLC, MICHAEL
E. JALILEYAN, individually, and LADAN
SAEMI, individually,

                 Defendants.

_____/

### COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, ALEJANDRO ORTIZ ("Plaintiff" or "ORTIZ"), by and through undersigned counsel, hereby files this Complaint for Damages and Demand for Jury Trial, against Defendants, CAVIAR AND CAVIAR, LLC, a Florida for profit limited liability company ("CAVIAR" or "Defendant"), MICHAEL E. JALILEYAN ("JALILEYAN"), an individual, and LADAN SAEMI ("SAEMI"), an individual, and alleges the following:

### JURISDICTION AND VENUE

1.     Jurisdiction in this Court is proper as this action includes a claim for unpaid overtime wages and retaliation under the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq.) ("FLSA") and several additional compulsory claims under the laws of the State of Florida.

2.     The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331 as these claims arose under 29 U.S.C. §216(b).

3.     Venue is appropriate in the United States Southern District of Florida, Fort Lauderdale division, as the causes of action alleged by Plaintiff occurred in Broward County, Florida and the principal place of residency and/or place of business of the Defendants is Broward

County, Florida.

## **PARTIES**

4.     At all times material to this action, Plaintiff was a resident of Broward County, Florida, and is otherwise sui juris.

5.     At all times material to this action, Defendant, CAVIAR, was, and continues to be, a Florida for profit limited liability company, doing business throughout the United States, with its principal place of business situated at 5527 N. Nob Hill Road, Sunrise, Florida, and is otherwise sui juris.

6.     Upon information and belief, Defendant, JALILEYAN, was, and continues to be, an individual residing in Broward County, Florida, and is otherwise sui juris.

7.     Defendant, JALILEYAN, is a managing member of Defendant CAVIAR, and at all times material hereto has, and continues to have, a significant ownership interest in CAVIAR, exercises day-to-day control of operations of CAVIAR and is involved in the supervision and payment of CAVIAR's employees.

8.     Upon information and belief, Defendant, SAEMI, was, and continues to be, an individual residing in Broward County, Florida, and is otherwise sui juris.

9.     Defendant, SAEMI, is a manager of Defendant, CAVIAR, and at all times material hereto has, and continues to have, a significant ownership interest in CAVIAR, exercises day-to-day control of operations of Caviar and is involved in the supervision and payment of CAVIAR's employees.

10.     Defendants, CAVIAR, JALILEYAN and SAEMI, are collectively referred to hereafter as "Defendants."

11.     At all times material to this action, Plaintiff was "engaged in commerce" within

2

the meaning of §206 and §207 of the FLSA.

12.   At all times material to this action, Plaintiff was an "employee" of CAVIAR within the meaning of the FLSA.

13.   At all times material to this action, CAVIAR was Plaintiff's "employer" within the meaning of the FLSA.

14.   Defendant CAVIAR was, and continue to be, an "employer" within the meaning of the FLSA.

15.   At all times material to this action, Defendant, CAVIAR, was, and continues to be, an "enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

16.   Based upon information and belief, the annual gross revenue of CAVIAR was in excess of $500,000.00 per annum during the relevant time periods.

17.   At all times material to this action, CAVIAR had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, which were used directly in furtherance of Defendants' commercial activities.

18.   At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

19.   Upon information and belief, on or about March 4, 2019, ORTIZ began working for CAVIAR as a non-exempt salaried employee, earning a salary of $45,000.00 annually, or an hourly rate of $21.63 per hour.

20.   ORTIZ's duties with CAVIAR consisted of non-managerial general warehouse

and maintenance duties, including, but not limited to, making local deliveries, working in the warehouse packaging and shipping caviar, obtaining bids from contractors, making returns and purchases at Home Depot and other miscellaneous duties.

21.     ORTIZ worked for Defendants from March 4, 2019 through July 2, 2019, at which time Plaintiff's employment relationship with Defendants was terminated by Defendants in retaliation against Plaintiff for ORTIZ's asserting his rights under the FLSA.

22.     As a salaried employee earning $45,000 annually, ORTIZ was to receive bi-weekly paychecks in the amount of $1,730.77, representing two weeks of pay at the agreed upon salary.

23.     As a non-exempt employee of CAVIAR, ORTIZ was also entitled to overtime wages at an hourly rate of one and one-half ORTIZ's regular hourly rate of $32.45.

24.     During ORTIZ's employment with CAVIAR, Plaintiff often worked in excess of forty (40) hours per week, including working Saturdays in the furtherance of Defendants' business.

25.     However, CAVIAR failed to compensate ORTIZ for overtime hours worked in excess of forty (40) hours.

26.     ORTIZ worked a minimum of thirteen Saturdays, in which Defendants failed to compensate ORTIZ whatsoever, including failing to pay ORTIZ his earned overtime wages at an hourly rate of $32.45.

27.     At all times material to this Complaint, Defendants failed to comply with the FLSA by failing to properly pay overtime compensation.

28.     ORTIZ asserted his rights under the FLSA, by complaining to his manager and boss, Defendant, JALILEYAN, regarding the fact that Plaintiff was working over forty (40)

hours per week and Defendants were failing to compensate ORTIZ for those overtime wages.

29.     On or about April 4, 2019, Defendants began stealing ORTIZ's wages by paying ORTIZ less that the agreed upon bi-weekly amount of $1,730.77.

30.     For example, for the pay periods ending April 18, 2019, May 16, 2019, May 30, 2019, June 13, 2019, June 27, 2019 and July 11, 2019, Defendants shorted ORTIZ on his paychecks, failing to pay ORTIZ all his earned wages.

31.     Defendants wage theft continued throughout the remainder of ORTIZ's employment, with the amount of wages being stolen by the Defendants increasing to various degrees.

32.     Defendants wage theft against ORTIZ was done in retaliation for ORTIZ's complaining and asserting his rights under the FLSA.

33.     Defendant committed further wage theft against ORTIZ by improperly withholding and retaining various sums from ORTIZ's paychecks.

34.     Defendants improperly withheld and retained a sum of $400.00 from each of ORTIZ's paychecks for the pay periods ending May 16, 2019, May 30, 2019, June 13, 2019, June 27, 2019 and July 11, 2019.

35.     Defendants' failure to pay Plaintiff any wages at all, or overtime pay for hours worked over 40 hours per week, constitutes serious violations in the minimum wage laws under §206 of the FLSA and the overtime laws under §207 of the FLSA.

36.     Upon information and belief, the majority of Plaintiff's pay and time records are in the possession of Defendants.

37.     However, upon information and belief, it is alleged that Defendants failed to maintain proper and accurate time records, as mandated by §211 of the FLSA.

38.     Defendants' failure and/or refusal to properly compensate ORTIZ under the standards required under the FLSA was willful and unlawful.

39.     In fact, Defendants engaged in this systematic scheme of exploiting workers for their labor, while refusing to pay employees, including ORTIZ, their agreed upon wages and earned overtime wages.

40.     JALILEYAN and SAEMI, as owners and managers of CAVIAR, willfully and with malice, retaliated against ORTIZ for ORTIZ's actions in asserting his rights under the FLSA, forcing ORTIZ out of the employs of CAVIAR by increasingly withholding ORTIZ's earned wages to a point where ORTIZ could not afford to continue working for Defendants.

41.     Plaintiff has retained the law firm of MILL STONE LEGAL GROUP, LLC to represent Plaintiff in this matter and has agreed to compensate the firm a reasonable fee for its services.

42.     All conditions precedent to the filing of his action have either been complied with, satisfied or waived.

### COUNT I – ACTION FOR UNPAID WAGES
### (CAVIAR, JALILEYAN and SAEMI)

43.     Plaintiff re-alleges paragraphs 1 through 42 above as if fully stated herein.

44.     Defendants have a duty under Florida Law to pay Plaintiff all earned wages.

45.     Defendants failed to pay Plaintiff his earned and agreed upon wages for hours Plaintiff worked during the course of his employment with CAVIAR.

46.     CAVIAR's owners, JALILEYAN and SAEMI, intentionally and purposely altered CAVIAR's payroll records so that ORTIZ's paychecks were less than the amount due and owing ORTIZ.

47.     To date, Defendants failed to fully compensate Plaintiff for all the wages earned

by Plaintiff, causing Plaintiff to suffer damages in the form of unpaid wages and lost interest.

48.     As a result of Defendants' actions, Plaintiff has incurred attorney's fees and taxable costs in bringing this action.

49.     Under Fla. Stat. §448.08, Plaintiff is entitled to the recovery of costs and attorney's fees for successfully prevailing in this action.

**WHEREFORE**, Plaintiff, ALEJANDRO ORTIZ, respectfully requests the Honorable Court to enter Judgment against Defendants, CAVIAR & CAVIAR, LLC, MICHAEL E. JALILEYAN, individually and LADAN SAEMI, individually, in favor of Plaintiff, for unpaid wages, costs, attorney's fees, pre-judgment and post-judgment interest, and any other relief this Court deems just and proper.

<u>**COUNT II - RECOVERY OF UNPAID OVERTIME**</u>
*(CAVIAR, JALILEYAN and SAEMI)*

50.     Plaintiff re-alleges paragraphs 1 through 42 above as if fully stated herein.

51.     Plaintiff was employed by Defendant, CAVIAR, as a non-exempt salaried employee, and entitled to receive overtime compensation at a rate of $32.45.

52.     Plaintiff regularly worked over forty (40) hours per week during Plaintiff's employment with CAVIAR, including a minimum of thirteen (13) Saturdays, in which all hours worked were in excess of forty (40) hours for the respective week.

53.     Pursuant to 29 U.S.C. §207(a)(1), ORTIZ is entitled to be paid one and one-half times ORTIZ's regular pay rate for each hour ORTIZ worked in excess of forty (40) hours of work per week.

54.     Defendants willfully failed to pay ORTIZ overtime wages, or any wage whatsoever, for all hours worked by ORTIZ in excess of forty (40) hours per week.

55.     By reason of the willful and unlawful acts of the Defendants, CAVIAR,

JALILEYAN and SAEMI, Plaintiff has suffered damages in the form of unpaid overtime wages, pre-judgment interest, post judgment interest, attorney's fees and costs.

56.     Plaintiff is entitled to recover Plaintiff's damages from Defendants, including recovery of attorney's fees and costs in litigating this matter, pursuant to 29 U.S.C. §216(b).

57.     As a result of Defendants' willful violations of §207 of the FLSA, ORTIZ is also entitled to recover liquidated damages in the amount equal to that which he is owed as unpaid overtime compensation.

58.     At all times material hereto, Defendants failed, and continues to fail to maintain proper and accurate time records as mandated by §211 of the FLSA.

**WHEREFORE**, Plaintiff, ALEJANDRO ORTIZ, seeks the entry of Judgment against Defendants, CAVIAR & CAVIAR, LLC, MICHAEL E. JALILEYAN, individually, and LADAN SAEMI, individually, and in favor of Plaintiff, for unpaid overtime wages, an equal amount of liquidated damages, punitive damages, pre-judgment interest, post judgment interest and attorney's fees and costs in bringing this action, and any other relief this Court deems just and proper.

## COUNT III – RETALIATION CLAIM UNDER §215(a)(3)

59.     Plaintiff re-alleges paragraphs 1 through 42 above as if fully stated herein.

60.     Plaintiff made complaints to JALILEYAN regarding his rights under the FLSA, including Defendants failure to pay ORTIZ earned overtime wages and regular wages under ORTIZ's agreed upon salary of $45,000.00 annually.

61.     As a direct result of ORTIZ's complaints to Defendants in asserting Plaintiff's rights under the FLSA, Defendants retaliated against ORTIZ.

62.     Defendants retaliation included, but was not limited to, treating ORTIZ less

favorable than other employees, paying ORTIZ wages that were less than the wages that were agreed to by the parties and earned by ORTIZ, improperly withholding and retaining unauthorized sums from ORTIZ's paychecks, forcing Ortiz to perform tasks outside the scope of Plaintiff's employment in an attempt to force ORTIZ to voluntarily resign or quit, and eventually terminating and/or forcing Plaintiff out of the employs of CAVIAR.

63.    Pursuant to §216(b) of the FLSA, Plaintiff is entitled to recover lost wages, liquidated damages, front pay, reasonable attorney's fees, costs, pre-judgment and post-judgment interest, injunctive relief, punitive damages and reinstatement.

**WHEREFORE**, Plaintiff, ALEJANDRO ORTIZ, seeks the entry of Judgment against Defendants, CAVIAR & CAVIAR, LLC, MICHAEL E. JALILEYAN, individually, and LADAN SAEMI, individually, and in favor of Plaintiff, for lost wages, front pay, liquidated damages, pre-judgment and post-judgment interest, punitive damages, reasonable attorney's fees and costs, and any other relief this Court deems just and proper.

## <u>JURY DEMAND</u>

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated:  September 26, 2019.

Respectfully submitted,

**MILL STONE LEGAL GROUP, LLC**

*/s/ Matthew R. McGuigan*
MATTHEW R. MCGUIGAN, ESQ.
FL Bar No.: 113357
3333 W. Commercial Blvd., Ste. 115
Fort Lauderdale, FL 33309
Tel: 754-227-1610
Fax: 215-475-4764
E-mail:  mmcguigan@millstonelegal.com
*Attorney for Plaintiff Alejandro Ortiz*

9